IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KITSAP

| | |
|---|---|
| CERRIDWEN AURANDT, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RANGE VIEW MANAGEMENT, LLC, d/b/a LENDIVA, BETTER DEBT SOLUTIONS, LLC, and DOES 1-10,<br><br>Defendants. | NO.<br><br>CLASS ACTION COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227, ET SEQ, WASHINGTON TELEPHONE SOLICITATION ACT, RCW 80.36 ET SEQ, AND WASHINGTON CONSUMER PROTECTION ACT, RCW 19.86 ET SEQ |

TO BETTER DEBT SOLUTIONS, LLC:

A lawsuit has been started against you in the above-entitled court by the Plaintiff. Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons (60 days if served outside the State of Washington), excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what she or he asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

COMPLAINT - 1

NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED August 4, 2025

NORTHWEST DEBT RESOLUTION, LLC

Peter Schneider, WSBA# 43131
Attorney for Plaintiff

COMPLAINT - 2

NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KITSAP

| | |
|---|---|
| CERRIDWEN AURANDT, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>RANGE VIEW MANAGEMENT, LLC, d/b/a LENDIVA, BETTER DEBT SOLUTIONS, LLC, and DOES 1-10,<br><br>        Defendants. | NO.<br><br>CLASS ACTION COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227, ET SEQ, WASHINGTON TELEPHONE SOLICITATION ACT, RCW 80.36 ET SEQ, AND WASHINGTON CONSUMER PROTECTION ACT, RCW 19.86 ET SEQ |

COMES NOW the Plaintiff, Cerridwen Aurandt, on behalf of herself and others similarly situated and complains against RANGE VIEW MANAGEMENT, LLC, d/b/a LENDIVA, BETTER DEBT SOLUTIONS, LLC and for cause of action against the defendants complains and alleges as follows:

## I.    INTRODUCTION

1.    There are telemarketers in America whose long-term business model is placing lots and lots of unsolicited calls and robocalls.

2.    Companies who sell a particular widget are looking for customers interested in such widgets, and telemarketers are eager to introduce widget makers with possibly interested customers.

COMPLAINT - 1

NW
DR

NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

3. Some telemarketers call all the phone numbers they can, playing pre-recorded or artificially generated speech about widgets.

4. The telemarketer does this to build up a pool of valid phone numbers, noting key demographics of the people behind the phone numbers like age, gender, interests, or location.

5. When the telemarketer strikes a deal with a specific widget maker to find potential customers, the telemarketer goes to their calling pool, and calls the people that fit the widget maker's specified customer profile.

6. And call them again and again and again.

7. When the telemarketer finds a consumer they can sell to a widget maker, they call that person a "Lead."

8. The telemarketer passes the Lead to a widget maker for monetary gain, the widget maker is happy to have someone to pitch their widgets to, and everyone in the loop gains something.

9. This is with the exception of consumers like the Plaintiff and individuals in the proposed class, who don't want the phone calls.

10. As former Senator Fritz Hollings once stated:

> "computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall."

## II.     PARTIES, JURISDICTION & VENUE

11. The Plaintiff is a resident of Kitsap County, Washington, and was a resident of Washington State at all times relevant and material to this complaint.

12. Defendant RANGE VIEW MANAGEMENT, LLC ("RVM") is a foreign limited liability company that regularly solicits business from Washington State residents, and which does substantial business in Washington State.

COMPLAINT - 2

NW DR

NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

13.    RVM's registered agent is Paracorp Incorporated, 1912 Capitol Ave Ste 500, Cheyenne WY 82001.

14.    Defendant BETTER DEBT SOLUTIONS, LLC ("BDS") is a foreign limited liability company that regularly solicits business from Washington State residents, and which does substantial business in Washington State.

15.    BDS's registered agent is Nima Asadi, 19200 Von Karman Ave, Ste 600, Irvine CA 92612.

16.    Nearly all the acts alleged in this complaint occurred in Kitsap County, Washington State, during the last four years.

17.    Defendants are within the jurisdiction of the Court. At all times relevant to the events and transgressions alleged herein, the Defendants engaged in telemarketing and telephone solicitation activities in Washington State, including the placing of computerized phone calls to the Plaintiff and Washington State residents to sell products and services.

18.    Venue is proper in Kitsap County because many of the violations against the Plaintiff and putative class members occurred in this Court.

### III.    FACTUAL ALLEGATIONS

**Plaintiff Cerridwen Aurandt**

19.    Plaintiff is the subscriber and regular user of the phone number that received the calls.

20.    Plaintiff uses her cell phone number for personal use only, as one would use a landline.

21.    At no time relevant to this lawsuit did Plaintiff consent to any loan solicitation calls or debt resolution calls from any Defendant.

22.    For years Plaintiff has received unwanted solicitation calls from the Defendants.

COMPLAINT - 3



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

23.     When the Plaintiff answered the Defendants' calls, she would be greeted by an artificial or prerecorded voice. Plaintiff could tell the voicemails were pre-recorded because they were impersonal, mostly identical in content, could not converse normally, contained reading a script type intonation and pauses, asked for button presses, and because some of the voicemails repeated, were cut off prematurely, or began part of the way into the message.

24.     If she did not answer the call, often the caller would leave a prerecorded voicemail.

25.     This list below is a non-exhaustive list of phone calls she has received over the last four months:

| Call # | Date | Calling # |
|--------|------|-----------|
| 1 | 7/2/2025 | 264 224 1918 |
| 2 | 6/20/2025 | 364 224 7989 |
| 3 | 6/6/2025 | 251 810 7943 |
| 4 | 4/25/2025 | 855 722 2968 |
| 5 | 4/10/2025 | 458 244 6176 |
| 6 | 4/2/2025 | 262 463 1819 |
| 7 | 3/31/2025 | 701 658 2220 |
| 8 | 3/27/2025 | 980 509 7807 |
| 9 | 3/24/2025 | 447 244 0947 |
| 10 | 3/18/2025 | 502 787 9132 |
| 11 | 3/7/2025 | 316 900 9268 |
| 12 | 2/11/2025 | 346 844 4219 |
| 13 | 2/6/2025 | 216 537 3603 |

COMPLAINT - 4

NW DR

NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

26.     On 7/1/2025 and 7/2/2025, a call to all of these numbers resulted in hearing the same automated greeting, with the same voice saying:

"You're calling Easy Loan Solutions, your trusted partner in personal lending. Based on your phone number, we've matched your information. Please select from the following options so we can better assist you. If you're calling to discuss your prequalification offer, please press 1. If you'd like to explore additional loan options or have questions about the approval process, press 2. If you're calling about an existing or pending loan application, press 3. For all other inquiries, press 4."

27.     On 4/26/2025, during the call the caller said in an artificial or prerecorded voice:

"Hello, this is Samantha from easy loan solutions I have an important update regarding your $25,000 consolidation loan preapproval offer. Speak with us and finalize your application. Press 1 now. If you no longer wish to proceed with this offer, be aware that our agents cannot process opt out requests. You must press 9 to be removed. Keep in mind your $25,000 offer expires at the end of April. To get your loan processed as soon as possible, press 1 now or call us back at 888-324-9444 and ask to speak with the pre-approval department"

28.     On 4/10/2025, during the call the caller said in an artificial or prerecorded voice:

"Hello, this is Samantha from easy loan solutions I have an important update regarding your $25,000 consolidation loan preapproval offer Speak with us and finalize your application. press 1 now. If you no longer wish to proceed with this offer, be aware that our agents cannot process opt out requests. You must press 9 to be removed. Keep in mind your $25,000 offer expires at the end of April. To get your loan processed as soon as possible, press one now or call us back at 888-324-9444 and ask to speak with the pre-approval department."

29.     On 3/31/2025, during the call the caller said in an artificial or prerecorded voice:

". . . OK. To speak with our underwriting team and complete the process, press one now. Your loan approval is almost complete, but we need to verify a few final details before proceeding. If you no longer wish to receive updates, you may press 9 to opt out. This matter requires your immediate attention. Please call us back at 833-746-6947 as soon as possible and ask for the verification or underwriting department to avoid any delays in processing your loan."

COMPLAINT - 5



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

30.     On 3/27/2025, during the call the caller said in an artificial or prerecorded voice:

"... you. To speak with our underwriting team and complete the process, press one now. Your loan approval is almost complete, but we need to verify a few final details before proceeding. If you no longer wish to receive updates, you may press 9 to opt out. This matter requires your immediate attention. Please call us back at 833-746-6947 as soon as possible and ask for the verification or underwriting department to avoid any delays in processing your loan."

31.     On information and belief, RVM and BDS rotate these calling script every month or so which is why the March call scripts were different from the April call scripts.

32.     RVM and BDS' script and callers never identify who is calling, or who they are calling for.

33.     The names they do use, like "Easy Lending", are all fake.

34.     If a consumer calls the numbers back, and uses the menu system to reach a live person, they will not identify themselves unless they believe you are looking for a loan, and they will not identify themselves unless you let them prequalify you for a loan.

35.     As part of the prequalification process, a phone agent pulls your Transunion credit report right on the call with you.

36.     RVM and BDS are well-known telemarketers.

37.     They were sued in 2024's *Rapp v Range View Management LLC et al* in the United States District Court for the Central District of California.

38.     Their modus operandi in *Rapp* is the same here – unsolicited calls, loans, and pulling credit reports from Transunion.

39.     RVM and BDS are believed to be part of a family of companies - Range View Management LLC, Lendvia LLC, Better Debt Solutions LLC, and Better Tax Relief LLC.

40.     Together they own and operate https://lendvia.com.

COMPLAINT - 6



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

41. The purpose of the family of companies is to robocall thousands of people per day, and depending on the information they have for the Lead, or depending on what the Lead says to the agent on the phone, direct the Lead to one or more of the family of companies.

42. BDS is used for consumers who are susceptible to paid "debt relief" services or loans, Lendvia for consumers who are susceptible to loans, and RVM provides backend services like pulling credit reports to see which company should be pushed towards the Lead.

43. RVM is the company organizing calls to consumers, and provides the first screening agent who runs the credit report and decides which of the specific sub companies the Lead is most likely to patronize.

44. RVM and BDS had identified Plaintiff as susceptible to a Loan, and RVM was calling Plaintiff on BDS' behalf to encourage Plaintiff to purchase goods or services from BDS.

45. RVM placed the calls to Plaintiff with BDS' knowledge and approval.

46. BDS identified the Plaintiff as a potential customer.

47. BDS gave RVM the Plaintiff's phone number and gave RVM instructions to call Plaintiff's phone number with an artificial or pre-recorded voice, on BDS' behalf, to solicit business for BDS.

48. BDS knew RVM was placing the calls to Plaintiff without identifying themselves because BDS instructed RVM not to identify RVM or BDS on the phone calls unless Plaintiff agreed to a credit check.

49. BDS and RVM did this because they knew that Plaintiff did not consent to the calls and they wanted to prevent telephone solicitation lawsuits for unwanted calls.

50. BDS agreed to accept incoming calls from RVM they knew were coming from RVM's telemarketing efforts with prerecorded or artificial speech telephone solicitation calls.

COMPLAINT - 7

NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

## CLASS ALLEGATIONS

51.    **Class Definition:** Plaintiff brings this lawsuit pursuant to CR 23, and seeks certification of the following Classes:

**30 Second Class:** Plaintiff and all persons within Washington State who from four years prior to the commencing of this action the Defendants (or agents acting on behalf of the Defendants) called for the purpose of encouraging the recipients to purchase property, goods, or services without identifying him or herself and the company or organization on whose behalf the solicitation was being made and the purpose of the call within the first 30 seconds of the telephone call

**Identification Class:** Plaintiff and all persons within Washington State who from four years prior to the commencing of this action the Defendants (or agents acting on behalf of the Defendants) called for the purpose of encouraging the recipients to purchase property, goods, or services without providing the called party the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted.

**Pre-recorded No Consent Class:** All persons in the United States from four years prior to the commencing of this action the Defendants (or agents acting on behalf of the Defendants) called using the same or a substantially similar artificial or pre-recorded voice message used to call the Plaintiff.

**Automatic Dialing and Announcing Device Class:** All persons in the United States who from four years prior to the commencing of this action the Defendants (or agents acting on behalf of the Defendants) used automatic dialing and announcing device for purposes of commercial solicitation.

52.    Excluded from the Classes are Defendants and any entities in which Defendants have a controlling interest; Defendants' agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

53.    **Numerosity:** On information and belief the members of the class for whose benefit this action is brought is more than 200 and are so numerous that joinder of all members is impracticable.

COMPLAINT - 8



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

54.    The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendants and/or third parties maintain written and electronically stored data showing:

    a. The time period(s) during which Defendants made calls;

    b. The telephone numbers to which Defendants called;

    c. Whether the Defendants placed pre-recorded voice calls to the Plaintiff and members of the Pre-recorded No Consent Class and the Automatic Dialing and Announcing Device Class without first obtaining consent to make the calls;

    d. The telephone numbers for which Defendants had prior express consent;

    e. whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct.

    f. The purposes of such calls; and

    g. The names and addresses of Class members.

55.    The Classes are comprised of hundreds, if not thousands, of individuals.

56.    There are common questions of law and fact affecting the rights of the Members of the Classes, including, inter alia, the following:

    a. Whether Defendants make telephone solicitation calls;

    b. Whether Defendants obtains prior express consent;

    c. Whether Defendants or the entity with which it contracts makes telephone solicitation calls to Washington State residents;

    d. Whether Defendants called for the purpose of encouraging the recipients to purchase property, goods, or services without identifying him or herself and the company or organization on whose behalf the solicitation is being made and the purpose of the call within the first 30 seconds of the telephone call;

    e. Whether Defendants should be enjoined from engaging in such conduct in the future.

57.    Plaintiff is a member of the Classes in that Defendants made two or more calls for telephone solicitation purposes, to her telephone number, without her prior express consent,

COMPLAINT - 9



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

for the purpose of encouraging her to purchase property, goods, or services without identifying him or herself and the company or organization on whose behalf the solicitation was being made and the purpose of the call within the first 30 seconds of the telephone call.

58.    **Commonality:** Plaintiff's claims are typical of the claims of the members of the Classes in that they arise from Defendants uniform conduct and are based on the same legal theories as these claims.

59.    Plaintiff and all putative Members of the 30 Second Class have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the 30 Second Class spent time tending to Defendants' unwanted calls and suffered a nuisance and an invasion of their privacy.

60.    Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

61.    Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent her and the Classes.

62.    Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

63.    The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications.

64.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

65.    Common questions will predominate, and there will be no unusual manageability issues.

66.    **Adequate Representation**: The Plaintiff will fairly and adequately represent and protect the interests of the Classes. The Plaintiff has no interests antagonistic to those of the Classes, and the Defendants have no defenses unique to the Plaintiff. The Plaintiff and

COMPLAINT - 10

NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes and have the financial resources to do so. Neither the Plaintiff nor their counsel have any interest adverse to the Classes.

67.    **Appropriateness**: This class action is also appropriate for certification because the Defendants have acted or refused to act on grounds generally applicable to the Classes and as wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendants' business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Classes as wholes, not on facts or law applicable only to the Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

68.    **Injunctive Relief**: The Defendants' conduct is uniform to all members of the Class. The Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or declaratory relief is appropriate with respect to the Class as a whole.

## IV.    CAUSES OF ACTION
### ALLEGATIONS APPLICABLE TO ALL COUNTS

69.    RVM and BDS are "sellers" as defined by 47 CFR § 64.1200(f)(10).

70.    RVM and BDS are " telemarketers" as defined by 47 CFR § 64.1200(f)(12).

71.    All of the calls the Defendants initiated to the Plaintiff and proposed class were "telephone solicitations" as defined by 47 CFR § 64.1200(f)(15).

COMPLAINT - 11

NW DR

NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

72.    RVM and BDS engaged in "telephone calls" to Washington State residents as defined by RCW 80.36.390(c).

73.    RVM and BDS engaged in "telephone solicitation" to Washington State residents as defined by RCW 80.36.390(1)(a).

74.    RVM and BDS are "telephone solicitors" as defined by RCW 80.36.390(b)(3).

75.    RVM and BDS are "persons" as defined by RCW 19.86.010(1).

76.    The Plaintiff is a person as defined by RCW 19.86.010(1).

77.    RVM and BDS engaged in "trade" and "commerce" with Washington State residents as defined by RCW 19.86.010(2).

78.    The calls were initiated to encourage Plaintiff to purchase financial services from the Defendants.

79.    The phone ringing and listening to pre-recorded or artificial voice calls where it takes time and annoyance to talk to a live person is obnoxious, an invasion of privacy, a trespass into Plaintiff's property and seclusion, and a waste of time.

80.    Answering the phone takes time that could be spent doing other things, and these calls do have a real, if small, cost in electricity and life of the phone.

81.    Trying to figure out who is behind the calls is obnoxious and costs Plaintiff time.

### COUNT 1 - TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227(b)

82.    Pursuant to 47 U.S.C. § 227(b), it is unlawful for a person to place telephone calls with an artificial or prerecorded voice.

83.    The Plaintiff realleges the previous paragraphs supra.

84.    Defendants violated 47 U.S.C. § 227(b) by calling Plaintiff's telephone while using an artificial or prerecorded voice. No exception under 47 C.F.R § 64.1200, or 47 U.S.C. § 227 applies to their calls.

COMPLAINT - 12



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

85.    The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

86.    Therefore, the Defendants violated 47 U.S.C. § 227(b) on no fewer than fifty (50) occasions.

87.    The Plaintiff has been damaged and injured as a result of these actions.

### COUNT 2 - TELEPHONE CONSUMER PROTECTION ACT
### 47 C.F.R. § 64.1200(b)

88.    Pursuant to 47 C.F.R. § 64.1200(b), it is unlawful to leave telephone messages with a prerecorded voice without stating clearly the business's identity.

89.    The Plaintiff realleges the previous paragraphs supra.

90.    The Defendants never stated the identity of the business, individual, or other entity that is responsible for initiating the call.

91.    The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

92.    Therefore, the Defendants violated 47 C.F.R. § 64.1200(b) on no fewer than fifty (50) occasions.

93.    The Plaintiff has been damaged and injured as a result of these actions.

### COUNT 3 – TELEPHONE CONSUMER PROTECTION ACT
### 47 C.F.R. § 64.1200(d)(4)

94.    Pursuant to 47 C.F.R. § 64.1200(d)(4), all artificial or prerecorded voice telephone messages made by telemarketers shall identify the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and the telephone number or address at which the person or entity may be contacted.

95.    The Plaintiff realleges the previous paragraphs supra.

COMPLAINT - 13



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

96.    The Defendants never identify the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and the telephone number or address at which the person or entity may be contacted to the Plaintiff.

97.    The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

98.    Therefore, the Defendants have violated 47 C.F.R. § 64.1200(d)(4) on no fewer than two hundred (200) occasions.

99.    The Plaintiff has been damaged and injured as a result of these actions.

### COUNT 4 – WASHINGTON TELEPHONE SOLICITATION ACT
### RCW 80.36.390(3)

100.    Pursuant to RCW 80.36.390(3), a telephone solicitor must identify themselves and the company or organization on whose behalf the solicitation is being made and the purpose of the call, within the first thirty (30) seconds of the telephone call.

101.    The Plaintiff realleges the previous paragraphs supra.

102.    The Defendants never identified themselves, the company or organization on whose behalf the solicitation was being made, and the purpose of the call, within the first thirty (30) seconds of the telephone calls to the Plaintiff.

103.    Therefore, the Defendants have violated RCW 80.36.390(3) on no fewer than two hundred (200) occasions.

104.    The Plaintiff has been damaged and injured as a result of these actions.

### COUNT 4 – WASHINGTON TELEPHONE SOLICITATION ACT
### RCW 80.36.390(7)

105.    Pursuant to RCW 80.36.390(7), when a called party states or indicates they don't want to be called again, a telephone solicitor must inform a called party that their contact information will be removed from the telephone solicitor's telephone list for one year, end the call within 10 seconds, not make additional telephone solicitations on the called party at the

COMPLAINT - 14



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

phone number requested to be removed from telephone lists for one year, nor provide the called party's contact information to a third party.

106. The Plaintiff realleges the previous paragraphs supra.

107. Despite the Plaintiff telling and indicating she did not want to receive phone calls from the Defendants, The Defendants repeatedly and continued to call the Plaintiff within one year.

108. Therefore, the Defendants violated RCW 80.36.390(7) on new fewer than fifty (50) occasions.

109. The Plaintiff has been damaged and injured as a result of these actions.

### COUNT 6 – WASHINGTON TELEPHONE SOLICITATION ACT
### RCW 80.36.400(2)

110. Pursuant to RCW 80.36.400(2), no person may use an automatic dialing and announcing device for the purposes of commercial solicitation.

111. The Plaintiff realleges the previous paragraphs supra.

112. The Defendants used an automatic dialing and announcing device for the purposes of commercial solicitation on every call they placed to the Plaintiff.

113. Therefore, the Defendants violated RCW 80.36.400(2) on no fewer than fifty (50) occasions.

114. The Plaintiff has been damaged and injured as a result of these actions.

### COUNT 7 – WASHINGTON CONSUMER PROTECTION ACT

115. Pursuant to RCW 80.36.390(12) a violation of RCW 80.36.390 *et seq*, is a *per se* violation of the Washington Consumer Protection Act, RCW 19.16 *et seq*.

116. The Plaintiff realleges the previous paragraphs supra.

117. Each of the previously pleaded violations of RCW 80.36.390 by the Defendants against the Plaintiff were also violations of the Washington Consumer Protection Act.

COMPLAINT - 15



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

118.    The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

119.    Therefore, the Defendants have violated RCW 19.16 *et seq* on no fewer than two hundred fifty (250) occasions.

120.    The Plaintiff has been damaged and injured as a result of these actions.

**COUNT 8 – INJUNCTIVE RELIEF**

121.    A Plaintiff may seek injunctive relief for violations of the Telephone Consumer Protection Act. 47 U.S.C. § 227.

122.    A Plaintiff may seek injunctive relief for violations of the Washington Telephone Solicitation Act. RCW 80.36.390(13).

123.    A Plaintiff may seek injunctive relief for violations of the Washington Consumer Protection Act. RCW 19.86.090.

124.    The Plaintiff does seek injunctive relief from this Court to enjoin the Defendants' harmful actions towards Washington State residents in the manner described above. Specifically, The Plaintiff seeks injunctions prohibiting the Defendants from acting in any manner at odds with 47 U.S.C.§ 227(b), 47 C.F.R. § 64.1200(b), 47 C.F.R. § 64.1200(d)(4), RCW 80.36.390(3), RCW 80.36.390(7) and RCW 80.36.400(2).

125.    The Defendants' actions constitute a documented pattern and practice of behavior that has impacted the Plaintiff and other individuals similarly situated, causing injury to them.

126.    Injunctive relief is necessary to prevent further harm and injury to the Plaintiff and to the Washington State public as well.

127.    Injunctive relief should therefore be granted by this Court.

COMPLAINT - 16

NW
DR

NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

### V.    JURY DEMAND

128.    The Plaintiff demands a trial by jury.

### VI.    PRAYER FOR RELIEF

129.    WHEREFORE, the Plaintiff prays that the proposed Class be certified under CR 23, and that Plaintiff and her counsel be appointed to represent the Class and for judgment be entered against the Defendants for:

130.    For judgment against the Defendants for Plaintiff's actual damages;

131.    For statutory damages of no less than $1,500.00 per violation of the Telephone Consumer Protection Act;

132.    For statutory damages of no less than $1,000.00 per violation of the Washington Telephone Solicitation Act;

133.    For treble damages pursuant to RCW 19.86.090 and 47 U.S.C.§ 227(b).

134.    For Plaintiff's costs and attorney's fees pursuant to RCW 80.36.390(13) and RCW 19.86.90;

135.    For all injunctive relief as pleaded for above;

136.    For any and all other relief this Court deems proper.

DATED August 4, 2025

NORTHWEST DEBT RESOLUTION, LLC



Peter Schneider, WSBA# 43131
Attorney for Plaintiff

COMPLAINT - 17

NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015