UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| CERRIDWEN AURANDT, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RANGE VIEW MANAGEMENT, LLC d/b/a LENDVIA, BETTER DEBT SOLUTIONS, LLC and, DOES 1-10,<br><br>Defendants. | Case No. 3:25-CV-05785-BHS<br><br>**STIPULATED MOTION TO STAY PROCEEDINGS**<br><br>**NOTE ON MOTION CALENDAR: AUGUST 25, 2026** |

For good cause, Defendants Rangeview Management, LLC, and Better Debt Solutions, LLC, and Plaintiff Cerridwen Aurandt, by and through their counsel of record, hereby jointly stipulate and move, pursuant to Federal Rule of Civil Procedure 6 and Local Rules 7(d)(1), 10(g) and 16, to stay these proceedings through September 25, 2026. The parties seek this stay in order to attempt to resolve this matter without further judicial intervention. The parties have begun discussions toward a resolution but require additional time to reach an agreement.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court "may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a

just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). In considering whether to grant a stay, courts consider several factors, including "the possible damage which may result," "the hardship or inequity which a party may suffer in being required to go forward," and "the orderly course of justice[.]" *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

A stay is appropriate here because a one-month delay in proceedings will not cause any damage, nor any hardship or inequity to any party, and it will promote the orderly course of justice. If the parties resolve this matter, there will be significant savings of the parties' and the Court's resources. Thus, a stay of proceedings is warranted here.

Accordingly, the parties request that the Court hold the case in abeyance until September 25, 2026. The parties will submit a joint status report on or before that date. The parties further request that the Court's Order Setting Bench Trial and Pretrial Dates be vacated. Dkt. 59.

I certify that this memorandum contains 333 words, in compliance with the Local Civil Rules.

Dated: August 25, 2026

NORTHWEST DEBT RESOLUTION, LLC

*s/Peter Schneider*
Peter Schneider, WSBA #43131
peter@nwdebtresolution.com
10900 4th St., Suite 2300
Bellevue, WA 98004
***Attorney for Plaintiff***

Dated: August 25, 2026

PIERCE DAVIS & PERRITANO LLP

*s/ Claude Bosworth*
Claude Bosworth, WSBA #42568
cbosworth@piercedavis.com
1300 SW 6th Ave., Suite 330
Portland, OR 97201
***Attorney for Defendants***

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

CERRIDWEN AURANDT, on behalf of herself and all others similarly situated,

Plaintiff,

v.

RANGE VIEW MANAGEMENT, LLC d/b/a LENDVIA, BETTER DEBT SOLUTIONS, LLC and, DOES 1-10,

Defendants.

Case No. 3:25-cv-05785-BHS

**DECLARATION OF DELIVERY AND/OR MAILING**

I am employed by the law firm of Pierce Davis & Perritano in Portland, Oregon. I am over the age of eighteen years and not a party to the subject cause. My business address is 1300 SW Sixth Avenue, Suite 330, Portland, OR 97201.

On the date below, I caused to be served on all parties in this action by transmitting a true copy of the foregoing document in the following manner unless otherwise indicated.

**VIA ECF**

Peter Schneider
NORTHWEST DEBT RESOLUTION, LLC
10900 4th St. Suite 2300
Bellevue, WA 98004
206-800-6000
peter@nwdebtresolution.com
nathen@nwdebtresolution.com

I declare under penalty of perjury and under the laws of the State of Oregon that the foregoing is true and correct.

Executed at Portland, Oregon, this 25th day of August, 2026.

*s/Hallie Zmroczek*
Hallie Zmroczek
Paralegal